JOSEPH H. McCOY, Plaintiff in Error,

*v.*

A. REEVES AYERS, Administrator of the Estate of
Thomas K. McCoy, Defendant in Error.

In an action by an administrator against the son of the deceased for the appropriation of property and the collection of debts belonging t ) deceased, the exclusion of a brother of the defendant from testifying in his behalf, under Section 389 of the Code of 1881, which provides that the party in interest as to the record shall not be allowed to testify, was erroneous, because such person was not interested *adversely* to the estate.

If an unauthorized person collects debts owing to an estate an action at law cannot be maintained against him for the recovery of such money, for the reason that the original debtor is still liable to the estate. The rule would be otherwise in case of specific property in the hands of a person unauthorized to receive the same, if such property is capable of identification.

A suit in equity may be maintained against the person collecting the money without authority from a debtor, if it be shown the debtor is insolvent.

Negotiable notes found in the State of Oregon, at the place of residence of the deceased at the time of his death, are property payable in that State, unaffected by the fact that the same were secured by mortgages upon real estate in Washington Territory; and a proper accounting for such notes to the Probate Court in Oregon relieves an administrator in that Court from any liability in the Courts of Washington Territory, in an action begun against him by an administrator appointed under the laws of Washington Territory.

Error, to First Judicial District, holding terms at Walla Walla.

The complaint in effect set forth, among other matters, that Thomas K. McCoy died in the State of Illinois, on the 10th day of February, 1877. At the time of his death, his wife and family were living in a house in the city of Walla Walla, county of Walla Walla, in this Territory, and had been for some time prior thereto. The house was rented and furnished by said decedent. He left his family shortly before his death to go to Illinois, temporarily. He had household furniture in Walla Walla city, money deposited in bank in said city, shares in the Walla Walla and Columbia River Railroad Company, a road entirely in Walla Walla County ; a large amount of money loaned out in Walla Walla County, secured by mortgages on real estate in Walla Walla County; and he also had real and personal property in Umatilla County, State of Oregon, at the time of his death. He also owed debts at the time of his death in Walla Walla County to residents of said county. The defendant in

error was duly appointed by the Probate Court of Walla Walla County, administrator of the estate of Thomas K. McCoy, deceased. The plaintiff in error, in conjunction with his mother, removed all the property of decedent in Walla Walla County at the time of his death to Umatilla County, in the State of Oregon; and this action was brought by the defendant in error, as such administrator, to recover the value of the property so removed, and he recovered in the Court below.

The answer controverted the foregoing matter set forth in the complaint; alleged the permanent residence of deceased at the time of his death in Oregon; that the notes, stocks, and other evidences of indebtedness were found by plaintiff in error in the residence of deceased in Oregon immediately after his death; that plaintiff in error, son of deceased, was duly appointed one of the administrators of the estate, and as such duly administered said estate in Oregon, taking in custody and accounting for all the property in the complaint mentioned, and upon final settlement and distribution thereof was duly discharged by Probate Court, by which he was appointed. Evidence was admitted upon the trial, tending to support the allegations of the complaint and answer. In the course of the trial, plaintiff in error offered to prove material facts by O. E. McCoy, his brother, and upon objection, the Court excluded the testimony.

Question was made of the appointment of defendant in error as administrator, on the ground that upon petition duly made, one Reynolds had been appointed by the Probate Court of Walla Walla County, administrator; and that upon his failure to accept the trust without a second original petition, and without a cancellation of letters issued to Reynolds, said Ayers had been, by order of the said Probate Court, appointed to such trust.

*T. J. Anders*, and *W. G. Langford*, for Plaintiff in error.

The Probate record was not admissible, for the reason that it showed on its face that plaintiff is not the administrator of the estate of Thomas K. McCoy, deceased. (*United States* v. *Walker*, 3 Supreme Court Rep., Vol. 3, p. 282; *Windsor* v. *McVeigh*, 93 U. S. Rep. 282-3; Statutes N. Y., 1873, p. 270, Secs. 91, 92; Statutes N. Y., 1881, p. 102, Sec. 389.)

That deceased being a non-resident, and not dying in Washington Territory, letters could issue only on assets in Washington Territory at the time of appointment here.    (Stats. W. T., 873, p. 261, Sec. 44.)

That if defendant under these circumstances collected debts due on notes or stocks or drafts in his possession, as administrator in Oregon, he is not liable.    (See Statutes of W. T., 1873, Sec. 140, p. 281.    See following authorities: 2 Kent's Commentaries, 428, 429; *Bradley* v. *Bander*, 19 American Law Register, 776 ; State Tax on Foreign-held Bonds, 15 Wallace, 319 *et seq.; Wilkins* v. *Ellett*, 9 Wallace, 740 ; 168 N. Y. 643 ; *Kirtland* v. *Hotchkiss*, 100 United States, 419; *Braynard* vs. *Marshall*, 8 Pickering, 194; *Petersen* v. *Chemical Bank*, 32 New York, 21; *Stevens* v. *Gaylard*, 11 Massachusetts, 256; 7 Wait's Actions and Defenses, 181, 182, and authorities there cited; *Huntington* v. *Charlotte*, 15 Vermont, 46 ; *The State* v. *Seaborns*, 4 Dev. 305; *Beaubean* v. *Brinkerhoff*, 2 Scammon, Ill. 369; 4 Wait's Actions and Defenses, 188; *Costrique* v. *Imrie*, *L. R.*, 4 H. of L. 424, 429 ; *Guillander* v. *Howell*, 35 New York, 657 ; 3 Wait's Actions and Defenses, 237 and cases therein cited; *Adams* v. *Cheverel* Cro. Jac. 113 ; *Slack* v. *Wolcott*, 3 Mason's Circuit Court Reports, 508; *Bollard* v. *Spencer*, 7 Term R. 458 ; *Commonwealth* v. *Griffith*, 2 Pickering, 11 ; *Parson* v. *Lyman*, 20 New York, 6 Smith, 103 ; *Doolittle* v. *Lewis*, 7 Johnson Ch. 49 ; Story's Conflict of Laws, 618, 619 ; *Grignon's Lessee* v. *Astor*, 2 Howard, U. S. Supreme Court, 319, 338 : *Peters* v. *Warren Insurance Co.*, 3 Sumner's Circuit Court Reports, 389 ; 14 Peters' Supreme Court U. S. 99 ; *Magoun* v. *N. E. Ins. Co.*, 1 Story, 157 ; *Grant* v. *McLachlin*, 4 Johnson, 34; *The Mary*, 9 Cranch S. C. 126; *Hudson* v. *Guestier*, 4 Id. 293 ; *Williams* v. *Armroyd*, 7 Id. 423 ; *Whitney* v. *Walsh*, 1 Cushing, 29 ; *Comstock* v. *Crawford*, 3 Wallace, U. S., S. C. 396 : *Mohr* v. *Manierre*, 101 U. S. S. C. Reports, 417. This last case approves *Grignon* v. *Astor*.   *Holmes* v. *Oregon & California Railroad Company, supra.*)

The fact that the situs of the property was within the territorial jurisdiction of the County Court of Umatilla county, and was there seized upon by that Court, made the subsequent appointment of an administrator in Washington Territory void, as

to those assets. (General Laws of Oregon, 1843, 1879 ; Const. Oregon, Sec. 1, p. 87; *Tuston* v. *Grant,* 4 Oregon R. 306 ; *Holmes, Administrator* v. *Cal. R. R. Co.,* 7 Sawyer's Reports, 9th C. N. S. 398 ; *Thompson* v. *Whitman,* 18th Wallace, U. S. Reports, 457 ; Wharton's Conflict of Laws, Secs. 631, 633, 661.)

*B. L. Sharpstein* and *John B. Allen,* for Defendant in error.

Such a showing and conferring of jurisdiction does not pertain to the appointment of any particular individual or administrator, but is the basis and authority for the appointment of the administrator, or successive administrators, required to fully administer the estate.

After such acquirement of jurisdiction, the action of the Probate Court in accepting the resignation of an administrator, or discharging such trustee, or appointing a successor, can at most be regarded as an irregularity, but cannot be collaterally attacked as a void act.

The Court properly refused to permit O. E. McCoy to testify, after he stated that he was a son and heir at law of deceased, and a distributee of his estate. (*Blood* v. *Fairbanks,* 50 California, 420 ; 1 Greenleaf on Evidence, 11th ed., Secs. 390, 391, 392 ; *Lynch* v. *Postlethwaite,* 12 American Decisions, 495; *Bridges* v. *Armour,* 5 Howard, U. S. 91 ; *McCrary* v. *Rash,* 60 Alabama, 374; *Kent* v. *Mason,* 79 Illinois, 540.)

There was no error in admitting in evidence the transcript of the District Court for the sole purpose, as distinctly stated by the Court to the jury, of tending to show a claim against the estate. Nor was there any error to the prejudice of plaintiff in error in any of the Court's instructions.

It is undoubtedly a general doctrine of the law, that the situs of personal property is that of the owner.

This, however, is a technical rule founded on comity, with exceptions as well defined as the general doctrine.

Some such general fiction is a necessity to avoid a conflict of law. Like other doctrines of comity, it ceases when its effect is to deprive the subject of the governmental protection that is guaranteed him in return for allegiance.

In such cases the legal situs of the property or debt is within

the government of the creditor, regardless of the residence of the owner.

It must be there subjected to the payment of the claim.

No accounting by a foreign administrator in a foreign tribunal can be recognized in the Courts of the creditor's government, to defeat such creditor's claim. (*Green* v. *Buskirk*, 7 Wallace, 149 ; *Hervey et al.* v. *Rhode Island Locomotive Works*, 93 U. S. Reports, 671 ; *Guillander* v. *Howell*, 35 N. Y. 657 ; *Bristwhistle* v. *Vardell*, 3 Barn. and Cres. 438 and 451 ; Story on Conflict of Laws, 6th ed., Secs. 512, 513, and 514 ; *McLean et al.* v. *Meek*, 18 Howard, U. S. 16 ; *Young* v. *O'Neal*, 3 Sneed, Tenn. 55 ; *Pond* v. *Makepeace*, 2 Metcalf, 114 ; 3 Redfield on Wills, 2d ed., 25, 26 ; *Wilkins* v. *Ellitt*, 108 U. S. Reports, 257.)

An administrator can have no recognized legal existence beyond the territorial limit of the State under whose laws he is created. Our Legislature has forbidden such persons from interfering with property of a deceased person in this Territory, and declared him responsible to the administrator appointed under our own laws for any such interference. (Story on Conflict of Laws, Sec. 514 ; Statutes of Washington Territory, 1873, Sec. 661, p. 170 ; Sec. 140, p. 281; and Sec. 216, p. 297.)

Opinion by Hoyt, Associate Justice.

Plaintiff in error was sued in the Court below, for having taken and converted to his own use certain moneys and chattels alleged to have been the property of Thomas K. McCoy, deceased, of whose estate the defendant in error was administrator.

To the complaint thus charging him, defendant answered ; denying the material allegations of the complaint, and pleading as new matter the fact that the said Thomas K. McCoy was, at the date of his death, a resident of the county of Umatilla, in the State of Oregon ; that he had been duly appointed by the County Court of said Umatilla County as one of the administrators of said estate ; and that if he had collected any of said moneys, he had done so as such administrator, and had duly accounted therefor to the said Court.

The new matter thus pleaded was denied in the reply.

The cause went to trial before a jury ; and to maintain the is-

sues upon his part, said defendant offered as a witness in his behalf his brother, O. E. McCoy, which witness was excluded and not allowed to testify, on the ground that under Sec. 389 of the Code of 1881, he was disqualified from testifying in the case, he being an heir at law and distributee of said estate.

The exclusion of said witness was excepted to, and the same has been assigned here as error.

Said Section 389 provides that in cases like this, the party in interest or to the record shall not be allowed to testify.

Was said heir and distributee disqualified under said statute?

It is conceded that he was not a party to the record, nor directly interested in the result of the action. But it was contended that the result of a judgment against the defendant would be to decrease the amount of said estate, and that therefore said heir and distributee was interested in the result.

And if it was true that the estate would thus be affected by such a judgment, it is possible that the interest of such heir would be sufficient to thus disqualify him.

But we do not think that the said estate could possibly be affected by the defendant's having been held liable as claimed in the complaint, for the very gist of the action was the unlawful taking by defendant, and his said taking could only be thus unlawful upon one of two theories: First, that he took the same as a private individual, in which case a judgment against him could not possibly affect said estate adversely; and secondly, that in such taking he acted as administrator of said estate, but in violation of his duties as such; as if he acted in pursuance of such authority, then the taking would be rightful.

Could such estate be affected by his being held for acts alone, in violation of his duties as such administrator?

We think not; as when his acts are thus outside of his authority they are tortious, and the estate could not be held liable for the consequences thereof; and if thereby he has exposed himself to an action, he and not the estate must abide the result.

The said estate could not, then, be adversely affected by any judgment against the defendant, and therefore such heir and distributee was not disqualified, and should have been allowed to testify in the cause in behalf of said defendant.

This is all we need to say, and we should content ourselves

without any reference to the other questions in the record, did we not think it our duty, in view of the proper disposition of this case in the Court below, to say a word in regard to what seems to us a substantial failure on the part of the plaintiff to make out a case, upon which he was entitled to have recovered at all in this action.

The only property with which the testimony in any way connected the defendant, was certain debts which certain parties in Walla Walla County were owing to the deceased. And from the fact that said debts had been, without authority, paid to said defendant, this action was sought to be maintained against him, as having received unlawfully the money of the estate. But we do not think that upon the facts thus claimed he ever received anything belonging to the estate. As the unauthorized payment to him by said debtors would not discharge them from their liability to said estate, it must follow that said money so paid by them was their own and not the estate's, and that they and not the estate could recover the same of him.

It is true, that in case of the insolvency of said debtors, it is possible that a Court of Equity would allow the estate to pursue money paid under such circumstances ; still, in the absence of such insolvency, and in a Court of Law, this could not be done ; but, as above stated, the estate would have to look to the debtors, and they to the person to whom they had (without authority) paid the money.

This rule would not obtain as to specific articles of property which had belonged to deceased; for though the person who had unlawfully parted with it might be liable, yet the specific article, being the property of the estate, would be pursued as long as it could be identified. Moreover, it appears from this record that these debts were evidenced by negotiable paper, and that such paper was at the time of the death of said Thomas K. McCoy situated in said Umatilla County, Oregon ; that the same were there taken possession of by the administrator of the estate in that county, and by him duly accounted for to the proper Court; and we think that these notes, thus situated, were properly payable in Oregon, and that any moneys paid upon them would be rightfully paid to such administrator therein.

And we do not think that the fact that certain of these notes were secured by mortgages upon real estate in this Territory, would at all change the rights of the holder thereof.

It follows that a verdict and judgment thereon for plaintiff would not be allowed to stand, unless the evidence to support the same was of a much stronger and different character than that disclosed by this record.

The judgment must be reversed, and the cause remanded for further proceedings, and it is so *ordered.*

We concur:   ROGER S. GREENE, Chief Justice.
GEORGE TURNER, Associate Justice.